```
                  United States District Court
                    District of Massachusetts
 _____
                              )
TONEY RYDER,                  )
                              )
          Plaintiff,          )    Civil Action No.
                              )    22-11337-NMG
     v.                       )
                              )
MASSACHUSETTS BAY TRANSPORTATION )
AUTHORITY,                    )
                              )
          Defendant.          )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Toney Ryder ("Ryder" or "plaintiff") brought this suit against the Massachusetts Bay Transportation Authority ("MBTA" or "defendant") in Massachusetts state court in August, 2022. The MBTA removed the case to federal court later that month on federal question grounds. Plaintiff's complaint recites factual allegations related to her employment with the MBTA but, apart from a few vague references to the Family and Medical Leave Act ("FMLA"), she does not connect those allegations to any cognizable cause of action.

The Court will therefore construe the complaint as alleging that the MBTA interfered with Ryder's FMLA-protected rights. Defendant moved to dismiss the complaint (Docket No. 7) and

plaintiff did not oppose the motion. For the following reasons, the motion will be allowed.

I. **Motion to Dismiss**

Although Ryder has not opposed the MBTA's motion to dismiss, the Court nevertheless has an "obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." Vega-Encarnacion v. Babilonia, 344 F.3d 37, 41 (1st Cir. 1990).

   A. **Legal Standard**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

When rendering that determination, a court may consider certain categories of documents extrinsic to the complaint "without converting a motion to dismiss into a motion for summary judgment." Freeman v. Town of Hudson, 714 F.3d 29, 36

- 2 -

(1st Cir. 2013) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).  For instance, a court may consider documents of undisputed authenticity, official public records, documents central to a plaintiff's claim and documents that were sufficiently referred to in the complaint.  Watterson, 987 F.2d at 3.

A court may not disregard properly pled factual allegations in the complaint even if actual proof of those facts is improbable. Ocasio-Hernandez, 640 F.3d at 12.  Rather, the court's inquiry must focus on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

**B.  Application**

The FMLA creates a right for employees to take certain kinds of leave and protects them against an employer who interferes with the right and/or retaliates against an employee for exercising the right. Limoli v. Delta Air Lines, Inc., No. 18-CV-10561, 2019 U.S. Dist. LEXIS 203125, at *12 (D. Mass. Nov. 22, 2019) (citing Hodgens v. General Dynamics Corp., 144 F.3d 151, 159-60 (1st Cir. 1998)).  A prima facie claim of interference with FMLA-protected rights requires the plaintiff to show that

> 1) she was eligible for the FMLA's protections; (2) her employer was covered by the FMLA; (3) she was entitled to leave under the FMLA; (4) she gave her employer notice of her intention to take leave; and (5) her employer denied her FMLA benefits to which she was entitled.

Chacon v. Brigham & Women's Hosp., 99 F. Supp. 3d 207, 213-14 (D. Mass. 2015) (quoting Carrero-Ojeda v. Autoridad de Energía Eléctrica, 755 F.3d 711, 728 n.8 (1st Cir. 2014)).

### 1.  Fed. R. Civ. P. 8(a)

As previously discussed, the Court construes plaintiff's complaint as alleging that the MBTA denied her leave in violation of the FMLA. It is unclear from the complaint, however, whether she was entitled to leave protected under the statute. First, Ryder avers that the MBTA did not "honor" all of the court dates about which she had notified her supervisors in advance. Leave to attend court dates is not protected by the FMLA. See 29 U.S.C. § 2612. Ryder also alleges that her supervisor would only accept certain kinds of letters as justification for leave but she does not explain if the subject leave was covered by the FMLA or whether it was ultimately denied. Similarly, Ryder contends that she was disciplined for taking leave which was approved by the MBTA but does not submit any facts tending to show that she was entitled to such leave under the FMLA.

Plaintiff also contends in conclusory fashion that the MBTA wrongfully counted non-FMLA absences against her allotment of statutory leave but she does not describe the dates on which those absences or misallocations occurred. Nor does Ryder allege that the improper attribution of absences to her FMLA time led to the denial of her FMLA benefits. Her cursory allegation fails to meet the standard of notice pleading; a complaint must provide minimal facts alleging "who did what to whom, when, where, and why". Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).

Although the pleadings of a pro se litigant are liberally construed, the "short and plain statement" requirement of Fed. R. Civ. P 8(a)(2) is not satisfied if a complaint comprises of wholly inadequate factual allegations. See, e.g., Nickerson v. Champion Mortg. Co. LLC, No. CV 19-10401, 2019 WL 3546479, at *2 (D. Mass. Mar. 11, 2019). Considering the complaint in its entirety, the Court finds that plaintiff has failed to state a prima facie claim for interference with her FMLA-protected rights. Ryder has not adequately alleged that any of the disputed leave was covered by the FMLA or set forth a cognizable violation of the statute.

### 2.  29 U.S.C. § 2617(c) Limitations Period

Even if plaintiff had filed a complaint that complied with the requirements of Fed. R. Civ. P 8(a), it would be time-barred.  There is a two-year statute of limitations period within which a plaintiff must bring an action for violation of the FMLA. See 29 U.S.C. § 2617(c)(1). That limitations period extends to three years if the violation was willful. Id. at (c)(2).  Ryder filed her complaint on July 28, 2022, which renders any claim with respect to alleged pre-July 28, 2019, violations of the FMLA untimely.  As defendant points out, plaintiff's allegations do not refer to any pertinent conduct within the statute of limitations period.

### ORDER

For the foregoing reasons, the unopposed motion to dismiss of defendant (Docket No. 7) is allowed.

**So ordered.**

    /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated:  December 5, 2022